File No. 801788

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF THE STATE OF NEW YORK

Donna M. Castillo,

       Plaintiff        Civil Action No. 07cv5705

  vs.

Bisson Moving and Storage Co., and Andrew T.
Parker,

       Defendants.

  Defendants, Bisson Moving and Storage, Co. and Andrew T. Parker, by and through their attorneys, Rawle & Henderson LLP, answer plaintiff's Complaint, upon information and belief, and aver as follows:

  1.  Denied.  Answering defendants have insufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in this paragraph of the Complaint and demands strict proof at trial.

  2.  Answering defendants do not respond to the allegations contained in this paragraph of the Complaint as same are conclusions of law. By way of further answer, answering defendant, Bisson Moving and Storage, Co., at all material times, is a corporation incorporated under the laws of the State of Maine with its principal place of business in West Bath, Maine.

  3.  Answering defendants do not respond to the allegations contained in this paragraph of the Complaint as same are conclusions of law. By way of further answer, answering defendant, Bisson Moving and Storage, Co., at all material times, is a corporation incorporated under the laws of the State of Maine with its principal place of business in West Bath, Maine.

4.      Answering defendants do not respond to the allegations contained in this paragraph of the Complaint as same are conclusions of law.  By way of further answer, answering defendants admit that Bisson Moving and Storage, Co., at all material times maintain its principal place of business in West Bath, Maine.

5.      Admitted.

6.      Answering defendant, Bisson Moving and Storage, Co., admits that it owned the 1999 tractor bearing State of Maine, License Plate No.: 917469.

7.      Answering defendant, Bisson Moving and Storage, Co., admits that Andrew T. Parker operated the 1999 tractor bearing State of Maine, License Plate No.: 917469 on or about November 8, 2006.

8.      Answering defendant does not respond to the allegations contained in this paragraph of the Complaint as same are conclusions of law.  By way of further answer, answering defendants admit that Andrew T. Parker operated the aforesaid tractor on or about November 8, 2006.  The remaining allegations contained in this paragraph of the Complaint are denied and strict proof is demanded at trial.

9.      Answering defendant does not respond to the allegations contained in this paragraph of the Complaint as same are conclusions of law.  By way of further answer, answering defendants admit that Andrew T. Parker operated the aforesaid tractor on or about November 8, 2006.  The remaining allegations contained in this paragraph of the Complaint are denied and strict proof is demanded at trial.

10.      Answering defendant does not respond to the allegations contained in this paragraph of the Complaint as same are conclusions of law.  By way of further answer, answering defendants admit that Andrew T. Parker operated the aforesaid tractor on or about November 8, 2006.  The remaining allegations contained in this paragraph of the Complaint are denied and strict proof is demanded at trial.

11.      Answering defendant does not respond to the allegations contained in this paragraph of the Complaint as same are conclusions of law.

12.    Answering defendant does not respond to the allegations contained in this paragraph of the Complaint as same are conclusions of law.

13.    Answering defendant does not respond to the allegations contained in this paragraph of the Complaint as same are conclusions of law.

14.    Answering defendant does not respond to the allegations contained in this paragraph of the Complaint as same are conclusions of law.

15.    Answering defendant does not respond to the allegations contained in this paragraph of the Complaint as same are conclusions of law.

16.    Answering defendant does not respond to the allegations contained in this paragraph of the Complaint as same are conclusions of law.

17.    Denied.    Answering defendants have insufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in this paragraph of the Complaint and demand strict proof at trial.

18.    Denied.    Answering defendants have insufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in this paragraph of the Complaint and demand strict proof at trial.

19.    Admitted.

20.    Denied.    Answering defendants have insufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in this paragraph of the Complaint and demand strict proof at trial.

21.    Admitted in part; denied in part.  Answering defendants admit only that contact occurred between the vehicle driven by Andrew T. Parker and the vehicle originally driven by plaintiff on or about November 8, 2006.  The remaining allegations contained in this paragraph of the Complaint are denied and strict proof is demanded at trial.

22.    Denied.  Answering defendants deny any allegations contained in this paragraph of the Complaint and strict proof is demanded at trial.

2099732-1

23.     Denied.    Answering defendants specifically deny any and all allegations of negligence and demand strict proof at trial.

24.     Denied. Answering defendants specifically deny any and all allegations of negligence, carelessness and/or recklessness and demand strict proof at trial.

25.     Denied.    Answering defendants deny the allegations contained in this paragraph of the Complaint and strict proof is demanded at trial.

26.     Answering defendants do not respond to the allegations contained in this paragraph of the Complaint as same are conclusions of law.  By way of further answer, answering defendants deny the allegations contained in this paragraph of the Complaint and strict proof is demanded at trial.

27.     Answering defendants do not respond to the allegations contained in this paragraph of the Complaint as same are conclusions of law.  By way of further answer, answering defendants deny the allegations contained in this paragraph of the Complaint and strict proof is demanded at trial.

28.     Answering defendants do not respond to the allegations contained in this paragraph of the Complaint as same are conclusions of law.  By way of further answer, answering defendants deny the allegations contained in this paragraph of the Complaint and strict proof is demanded at trial.

29.     Answering defendants do not respond to the allegations contained in this paragraph of the Complaint as same are conclusions of law.  By way of further answer, answering defendants deny the allegations contained in this paragraph of the Complaint and strict proof is demanded at trial.


## <u>SECOND CAUSE OF ACTION</u>

30.     Answering defendants repeat, reiterate and incorporate by reference each and every response to the allegations contained in the First Count of Plaintiff's Complaint as set forth in length herein.

31.    Admitted in part; denied in part.  Answering defendants admit only that contact occurred between the vehicle driven by Andrew T. Parker and the vehicle driven by plaintiff on or about November 8, 2006.  The remaining allegations contained in this paragraph of the Complaint are denied and strict proof is demanded at trial.

32.    Denied.  Answering defendants deny any allegations contained in this paragraph of the Complaint and strict proof is demanded at trial.

33.    Denied.   Answering defendants specifically deny any and all allegations of negligence and demand strict proof at trial.

34.    Denied.  Answering defendants specifically deny any and all allegations of negligence, carelessness and/or recklessness and demand strict proof at trial.

35.    Denied.   Answering defendants deny the allegations contained in this paragraph of the Complaint and strict proof is demanded at trial.

36.    Answering defendants do not respond to the allegations contained in this paragraph of the Complaint as same are conclusions of law.  By way of further answer, answering defendants deny the allegations contained in this paragraph of the Complaint and strict proof is demanded at trial.

37.    Answering defendants do not respond to the allegations contained in this paragraph of the Complaint as same are conclusions of law.  By way of further answer, answering defendants deny the allegations contained in this paragraph of the Complaint and strict proof is demanded at trial.

38.    Answering defendants do not respond to the allegations contained in this paragraph of the Complaint as same are conclusions of law.  By way of further answer, answering defendants deny the allegations contained in this paragraph of the Complaint and strict proof is demanded at trial.

WHEREFORE, answering defendant, Bisson Moving and Storage, Co. and Andrew T. Parker, demand judgment in their favor and against the plaintiff, dismissing plaintiff's Complaint with prejudice as to answering defendants, Bisson Moving and

Storage, Co. and Andrew T. Parker, together with an award of costs and disbursements incurred by said defendants, including attorneys' fees together with such other relief in favor of defendant as this Honorable Court shall deem appropriate under the circumstances.

## SEPARATE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

39.    Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

40.    Any alleged occurrence complained of by plaintiff, said occurrence being specifically denied by answering defendant, was the result of an unavoidable accident or sudden emergency.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

42.    Upon information and belief, any past or future costs and/or expenses incurred or to be incurred by the plaintiff for medical care, dental care, custodial care, rehabilitation services, physical therapy treatment, other health care, loss of earnings or other economic loss, has been or will, with reasonable certainty, be replaced or indemnified in whole or in part from a collateral source as defined in Section 4545 of the New York Civil Practice Law and Rules and, therefore, plaintiff is not the real party in interest with respect said expenses.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

43.     Any damages that are deemed to be recoverable against answering defendant, said damages and recovery being specifically denied by said defendant, must be diminished by the amount of the funds which plaintiff has or shall receive from the aforesaid collateral source(s).

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

44.     Answering defendant asserts all defenses available to them pursuant to Articles 51 and 52 of the Insurance Law of the State of New York.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

45.     Plaintiff has not sustained a "serious injury" as defined in Section 5102(d) of the Insurance Law of the State of New York.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

46.     To the extent that any payments have been made or may be made pursuant to Article 51 of the Insurance Law of the State of New York (Comprehensive Motor Vehicle Insurance Reparations Act) before the trial of this action, such payments will be considered in offset and in mitigation of damages.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

47.     Plaintiff has failed to mitigate any alleged damages, said damages being specifically denied by answering defendant.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

48.     Plaintiff's injuries and/or damages pre-existed or are unrelated to the accident described in the Complaint.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

49.    No conduct on the part of answering defendant caused or contributed to plaintiff's alleged injuries or damages.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

50.    Plaintiff's claims are barred or should be reduced by the percentage of plaintiff's own contributory negligence and/or assumption of the risk.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

51.    Plaintiff's alleged accident and injuries were proximately caused, in whole or in part, by the fault of third parties for whom answering defendants are not legally responsible.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

52.    Plaintiff did not use, or improperly used, any available seat belt and/or shoulder harness, and plaintiff's injuries, which are denied, were caused, contributed to and/or exacerbated by the lack of use, or improper use, of the seat belt and/or shoulder harness, and plaintiff's alleged injuries could have been obviated or mitigated by the use of any available seat belt and/or shoulder harness, and that plaintiff's failure to use, or improper use, of any seat belt and/or shoulder harness was in contravention of the New York Vehicle and Traffic Law and constitutes failure to mitigate damages in accordance with *Spier v. Barker*, 35 N.Y.2d 444 (1974).

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

53.    Plaintiff's failure to use, or the improper use, of any available seat belt and/or shoulder harness was an unreasonable action and in disregard of her own best interests, and accordingly, caused or contributed to the happening of the accident, in accordance with *Curry v. Moser*, 89 A.D.2d 1, 454 N.Y.S.2d 311 (2d Dept. 1982).

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

54.    Service of process was improper and/or insufficient.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

55.    This Honorable Court lacks jurisdiction over the answering defendants.


WHEREFORE, answering defendants demand that plaintiff's Complaint be dismissed with prejudice as to them and that judgment be entered in favor of answering defendants and against plaintiffs, together with costs, counsel fees, and such other and further relief as this Court deems appropriate under the circumstances.


RAWLE & HENDERSON LLP


By:_____
          Jeffrey A. Segal
          Attorneys for Defendants,
          Bisson Moving and Storage Co. and
          Andrew T. Parker
          140 Broadway, 46th Floor
          New York, New York 10005
          (212) 858-7570

Dated:  July 9, 2007

## CERTIFICATE OF SERVICE

It is hereby certified that a true and correct copy of the within-captioned Defendant's Answer was filed electronically with the Court and a copy mailed via first-class mail, postage pre-paid, on counsel for the parties:

Heath Buzin, Esquire
PHILLIPS, KRANTZ & LEVI, LLP
204 West 84th Street
New York, NY 10024

RAWLE & HENDERSON LLP

Marla L. Bitman, Legal Secretary to
Jeffrey A. Segal, Esq.

Dated:  July 9, 2007

2099732-1